**The document below is hereby signed.**
Dated: June 27, 2011.

_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
SABRINA Y. LEWIS-STANBACK,    )   Case No. 10-01271
                              )   (Chapter 13)
              Debtor.         )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
RE AMENDED OBJECTION TO CLAIM OF CASHCALL, INC.

The Consumer Liability Report from BestCase, Inc., which is attached to the debtor's amended objection to the claim of CashCall, Inc., shows with respect to CashCall, Inc. the date last reported as being April 1, 2010, with a balance of $5,044.00. The debtor filed her petition commencing this bankruptcy case on December 29, 2010. Between April 1, 2010 and December 29, 2010, a span of almost nine months, interest may have accrued on the debt, and, indeed, the debtor may have incurred additional debt to CashCall, Inc.

The summaries provided by CashCall merely state balances, without separately explaining the interest, late fees, and attorney's fees associated with the debtor's account. CashCall's proof of claim notes that its proof of claim substantially

complies with Federal Rule of Bankruptcy Procedure 3001, and cites various decisions in support of that statement, but the first of the cited decisions holds that the lack of a statement explaining the interest, late fees, and attorney's fees associated with a debtor's account robs a creditor's proof of claim of prima facie validity. *See In re Irons*, 343 B.R. 32, 41 (Bankr. N.D.N.Y. 2006). Even assuming in the debtor's favor that *In re Irons* was correct on that point, such that CashCall's proof of claim is not entitled to a presumption of prima facie validity, that would not suffice to disallow the claim. *In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004).

The debtor has not stated any other basis for her objection to the claim than pointing to the Consumer Liability Report, and her scheduling of the debt in the amount of $5,044.00. To state a basis for disallowing a claim under 11 U.S.C. § 502(b), something more is required than pointing to the debtor's schedule and its conclusory statement as to what is owed the creditor. The $5,044.00 stated by the debtor as being owed doubtless was taken from the Consumer Liability Report which, as already noted, lists the debt that was owed as of almost nine months before the bankruptcy case commenced, and the debtor's objection does not attempt to address the issue of interest, late charges, and attorney's fees accrued during that period of time. It is thus

ORDERED that the amended objection to the claim of CashCall,

2

Inc. is dismissed without prejudice.  It is further

    ORDERED that CashCall, Inc. may file an amended proof of claim showing the amounts of interest and late fees accrued on the account, and the rate at which such amounts were charged, plus any attorney's fees.

                                                     [Signed and dated above.]

Copies to: Debtor; recipients of e-notification;

CashCall, Inc.
c/o B-Line, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221