**The document below is hereby signed.**

**Dated: August 29, 2011.**



/s/ S. Martin Teel, Jr.
_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                          )    Case No. 10-01271
                               )    (Chapter 13)
SABRINA Y. LEWIS-STANBRACK,    )
                               )    Not for publication in
            Debtor.            )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DISMISSING DEBTOR'S
OBJECTION TO CLAIM #1 FILED BY CREDITOR CASH-CALL, INC.

On July 5, 2011, the debtor filed with the court an objection to the proof of claim of CashCall, Inc. (Dkt. No. 51). In the objection, the debtor contended that CashCall's proof of claim was not entitled to the prima facie validity afforded claims under Rule 3001 because it did not contain sufficient evidence of the debt as required by Rule 3001(c). The proof of claim filed by CashCall consisted solely of a statement showing the balance due without any information as to how it arrived at that balance, including delineating charges for late fees and interest. After the debtor filed her objection to its claim, CashCall filed an amended proof of claim to include a detailed account statement. The statement shows an outstanding principal

balance of $5,044.44 at an astounding 69% interest rate.[1]  Late fees accrue at a rate of $29 per month.  The debtor made one payment on interest only between October 2009 and November 2010, and four minimum payments from December 2009 to June 2011.  Given the interest rate on the loan, that the total amount claimed is over $12,000 on a $5,000 principal is unsurprising.  Because the amended proof of claim contains a detailed account statement, it is entitled to prima facie validity under Rule 3001, and, accordingly, the debtor bears the burden of going forward on its objection.  The debtor has raised no objection to the substance of CashCall's claim.  Thus, I will dismiss the debtor's objection without prejudice.  For these reasons, it is

ORDERED that the Debtor's Objection to Claim #1 Filed by Creditor Cash-Call, Inc. and Notice of Deadline and Opportunity to Object (Dkt. No. 51, filed July 5, 2011) is DISMISSED without prejudice.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification;

CashCall, Inc.
c/o B-Line, LLC
MS 550
P.O. Box 91121
Seattle, WA 98111-9221

---

[1] The debtor's objection does not challenge this rate. Rather, the debtor's sole objection is that the creditor has provided insufficient information to allow the debtor to see how CashCall arrived at the amount claimed.